Brett E. Lewis (Admitted *Pro Hac Vice*)
Roberto Ledesma (Admitted *Pro Hac Vice*)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email:     Brett@iLawco.com
           Roberto@iLawco.com

*Attorneys for Iaroslav Baklan*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Iaroslav Baklan,<br><br>    Plaintiff,<br><br>vs.<br><br><br>All Answers LTD,<br><br>    Defendant. | No. 2:20-cv-00707-JZB<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE COMPLAINT** |

TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………………..iii

**PRELIMINARY STATEMENT**……………………………………………………….1

**FACTUAL BACKGROUND**………………………………………………………...2

**ARGUMENT**………………………………………………………..……………..5

    I.    **LEGAL STANDARD**……………………………………………..….5

        **A. THE MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH LRCIV 12.1(c)**..…………………………………6

        **B. THE COMPLAINT IS NOT PREMATURE**..………………….…8

        **C. THE COMPLAINT ADEQUATELY ALLEGES A CLAIM FOR MISREPRESENTATION UNDER 15 U.S.C. §1114(2)(D)(iv)**...10

**CONCLUSION**……………………………………………………………………..13

# TABLE OF AUTHORITIES

**Cases**

*AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX-FJM, 2011 WL 5007919, (D. Ariz. Oct. 20, 2011)……………………………………………………………12

*Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617 (4th Cir. 2003)………………….……………………………….…8, 9, 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)………………....5, 6, 10

*Dluhos v. Strasberg*, 321 F.3d 365 (3rd Cir. 2003)………………………………9

*Del Monte Int'l GmbH v. Del Monte Corp.*, 995 F.Supp.2d 1107(C.D. Cal. 2014)……………………………………………………………………………..12

*Mann v. AFN Investments, Ltd.*, 2007 WL 2177030 (S.D. Cal. July 27, 2007)…..9

*Marcus v. Holder*, 574 F.3d 1182 (9th Cir. 2009)…………………….……...…..5

*Medrano v. Carrington Foreclosure Servs. LLC*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337 (D. Ariz. Nov. 21, 2019)………………………….....6

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001))……………….…….…...5

*Rojas v. Corizon Health Care Inc.*, No. CV1904848PHXJATJZB, 2020 WL 4201235 (D. Ariz. July 22, 2020)…………………………………………5

*S. Co. v. Dauben Inc.*, 324 F. App'x 309 (5th Cir. 2009)…………………….9

*Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14 (1st Cir. 2001)…...……9

*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370 (2nd Cir. 2003)……………………..9

*Strong Coll. Students Moving Inc. v. Coll. Hunks Hauling Junk Franchising LLC*,

 No. CV-12-01156-PHX-DJH, 2015 WL 12602438, (D. Ariz. May 15,

 2015)……………………………………………………………………………12

**Statutes**

15. U.S.C. §1114(2)(D)(v)……………………………………………………………..8, 9

15 U.S.C. §1114(2)(D)(iv)…………………………………………………………....10

**Rules**

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………...5

Fed. R. Civ. P. 12(b)(6)…………………………………………………………………5

LRCiv 12.1(c)…………………………………………………..………….…….6

Plaintiff Iaroslav Baklan ("Plaintiff" or "Mr. Baklan") by and through his undersigned counsel, requests that this Court deny Defendant All Answers Ltd's ("Defendant" or "All Answers") Motion to Dismiss ("Motion to Dismiss" or "Motion") Count Three of Plaintiff's Complaint (the "Complaint").

**PRELIMINARY STATEMENT**

This dispute concerns the filing of an overreaching administrative domain name complaint, and Plaintiff's subsequent efforts: (i) to protect its ownership interest in the <UKEssay.com> domain name (the "Disputed Domain") by filing this action, and (ii) to hold All Answers accountable for its administrative overreach. Only the latter is implicated by the Motion. The issue presented to the Court is a simple matter of *pleading* – accepting the facts as pleaded, does the Complaint state a cause of action for Reverse Domain Name Hijacking? Plaintiff respectfully submits that the Complaint adequately pleads such a cause of action.

On February 17, 2020, All Answers submitted a complaint with WIPO (the "WIPO Complaint"), which contained material misrepresentations concerning its alleged trademark in the term "UK Essays," and its alleged confusing similarity to the Disputed Domain. *See* Complaint, ¶ 30. The Complaint alleges that All Answers' UK trademark registration was fraudulently obtained, and that it possesses *no trademark rights, whatsoever* under U.S. law – to which it submitted

when it filed the WIPO Complaint. Without trademark rights, there can be no confusing similarity to a trademark, and any claim to confusing similarity with a trademark is a misrepresentation.

The Motion argues two bases on which the Complaint is alleged to be deficient. <u>First</u>, Defendant argues that the Complaint fails to allege "suspension, disabling, or transfer of the domain name," which is an essential element of a reverse domain name hijacking claim. Defendant, however, provides no support for its argument, which has been rejected by every district court and every Circuit to decide the issue.  <u>Second</u>, Defendant contends that the Complaint fails to plead a "knowing and material misrepresentation," but this too is contradicted by the allegations of the Complaint, which plainly spell out what the material misrepresentations were. Finally, the Motion is procedurally deficient – it lacks a certification, and the parties never met and conferred concerning the substance of the Motion before Defendant filed it.

For the foregoing reasons and those that follow, Plaintiff respectfully requests that the Motion be denied.

**FACTUAL BACKGROUND**

Plaintiff respectfully refers the Court to the Complaint (ECF Doc. No. 1) for a full and accurate statement as to what was alleged in support of each of Plaintiff's causes of action. Certain relevant allegations are set forth herein again.

On February 17, 2020, Defendant submitted a complaint with WIPO, initiating an administrative proceeding (*All Answers Ltd v. Iaroslav Baklan*, Case No. D2020-037) (the "Proceeding"), seeking an order to transfer the Disputed Domain (as defined in the Complaint) to Defendant. *See* Complaint at ¶ 30. The WIPO Complaint was based on Defendant's alleged ownership of the UKESSAY and UKESSAYS marks in the United Kingdom (as defined in the Complaint), and the alleged confusing similarity of the Disputed Domain to those trademarks. *See* Complaint at ¶ 30.

Prior to initiating that proceeding, on September 17, 2015, Defendant applied for a trademark registration in the United Kingdom for the mark UKESSAYS, in connection with: "Educational consultancy services; Educational information services; Information services related to education; Library services related to documents stored and retrieved by electronic means." *See* Complaint at ¶ 18. The mark registered on April 3, 2016. *See Id*. On October 16, 2019, Defendant applied for a trademark registration in the United Kingdom for the mark UKESSAY, in connection with: "Advisory services relating to education; Editing of written text; Educating at universities or colleges; Education and training services; Education services." *See* Complaint at ¶ 20. The mark registered on January 10, 2020. *See Id*.

The Complaint alleges that, upon information and belief, Defendant does not provide any of the listed services in connection with the use of the UK-registered

UKESSAYS or UKESSAY trademarks. *See* Complaint at ¶¶ 19, 21. The Complaint further alleges that Defendant does not use the UKESSAY OR UKESSAYS trademarks in the United States, at all, or the UKESSAY mark anywhere in the world. *See* Complaint at ¶¶ 26-29. The Complaint bases these allegations on Defendant's Website, located at www.UKEssays.com, and reports in the press discussing the nature of Defendant's services, which are not educational advisory services at all. *See* Complaint at ¶¶ 22, 23. Rather, than providing educational advisory services, or any type of educational services, Defendant writes completed essays for UK-based students – "a highly descriptive if not generic [use] for the service of selling essays to students based in the UK, which is why Defendant engaged in linguistic gymnastics in crafting the identification of the goods and services in its UK trademark registrations." *See* Complaint at ¶ 24.

On March 25, 2020, a single WIPO panelist, relying on the Material Misrepresentations in the WIPO Complaint, issued a decision transferring the Disputed Domain to All Answers. *See* Complaint at ¶ 31. The panel failed to apply Ninth Circuit law in rendering its decision, despite the fact that All Answers had agreed to submit to the jurisdiction of the Courts in this District in the event of a *de novo* action to stop a transfer order. *See* Complaint at ¶ 33. On April 9, 2020, Plaintiff filed this Action to stop the transfer of the Domain Name, for a

4

declaration as to the validity of its ownership rights, and for a finding of reverse domain name hijacking. (ECF Doc. No. 1).

## **ARGUMENT**

### I. **LEGAL STANDARD**

Sufficiency of pleadings are governed by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). All a litigant need do to survive a Rule 12(b)(6) motion to dismiss is to plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Twombly*, 550 U.S. at 555.

"A Rule 12(b)(6) motion 'tests the legal sufficiency of a claim.'" *Rojas v. Corizon Health Care Inc.*, No. CV1904848PHXJATJZB, 2020 WL 4201235, at *1 (D. Ariz. July 22, 2020) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "In deciding a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party." *Id.* (citing *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009)). "The court will presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal quotations and citations

omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555. In other words, factual disputes are neither considered, nor are to be resolved, on a Rule 12(b)(6) motion. Given the governing standard, Count Three of the Complaint should be sustained because it is well-pled under the applicable law.

Separately, as a prerequisite to filing a motion to dismiss, the moving party *must* make a certification "that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." LR Civ 12.1(c). The moving party "may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion." *Id*. In the event that "[a] motion [] does not contain the required certification," it "may be stricken summarily." *Id*.; *see also Medrano v. Carrington Foreclosure Servs. LLC*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337, at *4 (D. Ariz. Nov. 21, 2019).

### A. THE MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH LR CIV 12.1(c).

The Motion includes a brief statement that reads: "[p]ursuit [sp] to LRCiv 12.1(c), Defense counsel conferred with Plaintiff's counsel concerning the basis

for this Motion. The parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." (ECF Doc. No. 15). There is no certification attached to the Motion. Not only is there no certification, but Defendant's counsel failed to "meet and confer" with Plaintiff's counsel, Lewis & Lin, LLC ("Lewis & Lin"), altogether.

On July 15, 2020 at 11:24 AM EST, Defendant's counsel, Mr. Scott Brenner, emailed Lewis & Lin, asking for a conference on Defendant's intended motion to dismiss and explaining the premise of said motion. *See* ¶ 4, Exhibit A to the Declaration of Lauren Valli, Esq. dated July 29, 2020 (the "Valli Decl."). That same day, Mr. Brenner called Lewis & Lin, and further explained his position regarding the intended motion to one of the firm's associates, Lauren Valli. Ms. Valli informed Mr. Brenner that she would need to confer with the partner on the case, Mr. Brett Lewis, regarding Plaintiff's position on the matter. *See* Valli Decl. at ¶ 5. At no point during the call did Ms. Valli indicate what Plaintiff's position was. *See Id*. After discussing the matter with Mr. Lewis, Ms. Valli emailed Mr. Brenner that evening at 6:23 PM EST, indicating she was available for a meet and confer between 9:30 AM – 11:30 AM EST the next day. *See* Valli Decl. at ¶ 6; Exhibit B. Mr. Brenner never responded to Ms. Valli's email. Instead, he filed the Motion *that same day*. (ECF Doc. No. 15). Plaintiff respectfully submits that it

would be difficult to characterize what occurred as "conferring" with Plaintiff's counsel regarding the Motion.

For this reason, alone, the Motion may be, and should be, stricken.

**B. THE COMPLAINT IS NOT PREMATURE.**

The Complaint alleges that Plaintiff filed the Complaint to stop the Disputed Domain from being transferred to Defendant. *See* Complaint at ¶¶ 32, 59. Plaintiff's position that <ukessay.com> was not suspended, disabled, or transferred, has been rejected by every court in the country to consider it, and for logically practical reasons. For example, the Fourth Circuit in *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626-27 (4th Cir. 2003) explained that:

> Although the domain name had not actually been transferred from Bcom, Inc. as of the time that Bcom, Inc. commenced this action, the WIPO [World Intellectual Property Organization] panelist had already ordered the transfer, and as a result of this order the transfer was certain to occur absent the filing of this action to stop it. By filing this suit, Bcom, Inc. obtained an automatic stay of the transfer order by virtue of paragraph 4(k) of the UDRP, which provides that the registrar will stay implementation of the administrative panel's decision if the registrant commences "a lawsuit against the complainant in a jurisdiction to which the complainant has submitted" under the applicable UDRP rule of procedure. See ICANN, UDRP ¶ 4(k). Moreover, this suit for declaratory judgment and injunctive relief under § 1114(2)(D)(v) appears to be precisely the

>mechanism designed by Congress to empower a party whose domain name is subject to a transfer order like the one in the present case to prevent the order from being implemented.

*Barcelona.com, Inc.*, 330 F.3d at 626-27.

In light of the WIPO decision, transfer of the Disputed Domain would have been inevitable *but for* the filing of this action. Defendant's statutory argument departs from Congress's intent in enacting the very provision that permits Plaintiff's assertion of reverse domain name hijacking claims – 15. U.S.C. 1114(2)(D)(v).

Simply put, there is no authority for Defendant's novel and unprecedented interpretation of the Lanham Act, and no court ruling on the post-UDRP availability of a Subsection (iv)(or (v)) claim has ever adopted Defendant's argument. *See*, e.g., *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 17 (1st Cir. 2001); *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 383 n.11 (2nd Cir. 2003); *Dluhos v. Strasberg*, 321 F.3d 365, 371 (3rd Cir. 2003) (citing UDRP Paragraph4(k)); *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626-27 (4th Cir. 2003); *S. Co. v. Dauben Inc.*, 324 F. App'x 309, 311 (5th Cir. 2009); *Mann v. AFN Investments, Ltd.*, 2007 WL 2177030, at *2 (S.D. Cal. July 27, 2007). Accordingly, there is no basis to dismiss Plaintiff's Complaint

for the alleged failure to plead that the Disputed Domain has been "suspended, disabled, or transferred."

### C. THE COMPLAINT ADEQUATELY ALLEGES A CLAIM FOR MISREPRESENTATION UNDER 15 U.S.C. §1114(2)(D)(iv).

The Complaint alleges that Defendant lacked the required trademark rights to bring a UDRP action against Plaintiff. *See* Complaint at ¶ 41. It does so not in a conclusory fashion, but with plausible, detailed allegations. *Twombly,* 550 U.S. 544, 570 (2007). The Complaint alleges that the UKESSAY mark is not in use in the United Kingdom, where Defendant registered it, in connection with the listed services. *See* Complaint at ¶ 21. There is no evidence of its use, yet the Complaint cited this mark as a basis for an allegation of confusing similarity with, or having an identical trademark to, the Disputed Domain. Indeed, Defendant only applied for the UKESSAY mark – which it does not use – in October 2019, and the mark only registered in January 2020, roughly a month before Defendant filed the WIPO Complaint. *See* Complaint at ¶¶ 20, 29-30. It is certainly plausible that Defendant only filed for the UKESSAY mark to create the appearance that it had an identical trademark to the Disputed Domain before filing with WIPO. Defendant's material misrepresentations as to its rights in the UK registered UKESSAY mark, alone, are enough to satisfy the pleading requirements for a claim of reverse domain name hijacking.

Yet, the Complaint also alleges that Defendant committed fraud in connection with its UK "UKESSAYS" trademark application. *See* Complaint at ¶¶ 19, 29. The description of goods and services provided in that application – namely, "Educational consultancy services; Educational information services; Information services related to education; Library services related to documents stored and retrieved by electronic means" – bears only passing resemblance to the services actually offered by Defendant – writing pre-paid essays, whole cloth, for UK-based students. Had Defendant not committed fraud on the UK trademark office, it is entirely possible that Defendant's trademark application might have been rejected, or denied registration on the Principal Register. The WIPO Complaint offered no proof of actual use, so the fraudulently-obtained trademark loomed large in the Panel's decision. *See* Complaint at ¶¶ 82-83. Again, in the absence of a valid trademark, Defendant materially misrepresented that the Disputed Domain was confusingly similar to a trademark in which it possessed rights.

Next, the Complaint alleges that Defendant does not make use of either the UKESSAY mark or UKESSAYS mark in the United States in any fashion. *See* Complaint at ¶¶ 28-29. As such, Defendant has no valid trademarks in the United States. *Id*. Without valid U.S. trademarks, Defendant cannot prevail on a Lanham Act claim, of which a claim for cybersquatting brought under 15 U.S.C. § 1125(d)

is one. *See Barcelona.com, Inc.*, 330 F.3d at 626-27. Yet, despite consenting to jurisdiction in this District through the filing of its WIPO Complaint, for a *de novo* adjudication of the parties' rights to the Disputed Domain, Defendant still filed a WIPO Complaint under circumstances where it *could not prevail* under the governing U.S. law, to which it had submitted. The reverse domain name hijacking provisions of the Lanham Act must be read with the same lens as the rest of the Lanham Act – a material misrepresentation as to confusing similarity with a trademark means confusing similarity with a *U.S.* mark. By choosing that Ninth Circuit law would govern this dispute, Defendant cannot fairly be said to be ignorant of its own choice, or be immune to the consequences of its actions. *Cf. AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX-FJM, 2011 WL 5007919, at *4 (D. Ariz. Oct. 20, 2011) (where Court held that Defendant selected and chose this District as the forum under the UDRP rules); *Strong Coll. Students Moving Inc. v. Coll. Hunks Hauling Junk Franchising LLC*, No. CV-12-01156-PHX-DJH, 2015 WL 12602438, at *7 (D. Ariz. May 15, 2015) (citing *Del Monte Int'l GmbH v. Del Monte Corp.*, 995 F.Supp.2d 1107, 1116 (C.D. Cal. 2014) (Court had jurisdiction over ACPA reverse domain name hijacking provision according to the Lanham Act).

      Defendant *chose* to submit its dispute to the Panel, knowing that its WIPO Complaint must meet the standards of the Lanham Act – *and could be subjected to*

*the scrutiny of the Lanham Act* – not only that of the UDRP. *See* Complaint at ¶ 40. At the time of filing its WIPO Complaint, and upon information and belief to date, Defendant possessed no U.S. common law trade or service mark rights and no rights under the Lanham Act in connection with essay writing services under "UKEssays," "UKEssay," or any other similar mark. *See* Complaint at ¶ 41. Therefore, any representations that Plaintiff registered a domain name that was confusingly similar to Defendant's mark(s) is a material misrepresentation. *See* Complaint at ¶ 87.

Defendant's Motion grossly misstates what Plaintiff alleges in the Complaint as to the material misrepresentations made by All Answers in the WIPO Complaint. The Motion fails to address any of the substantive allegations in the Complaint, and instead misrepresents those allegations by pretending that they do not exist. Had the parties actually met and conferred, and had Plaintiff's counsel been afforded the opportunity to contest Defendant's arguments, this Motion might have been avoided. Plaintiff respectfully submits that the Complaint contains ample fact pleadings which, when taken as true, state a cause of action for reverse domain name hijacking.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Dismiss Count Three of the Complaint should be denied.

Dated:	July 29, 2020

LEWIS & LIN, LLC

By: /s/ Brett E. Lewis
Brett E. Lewis (admitted *pro hac vice*)
Roberto Ledesma (admitted *pro hac vice*)

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326
brett@iLawco.com
roberto@iLawco.com

*Attorneys for Plaintiff*

Brett E. Lewis (Admitted *Pro Hac Vice*)
Roberto Ledesma (Admitted *Pro Hac Vice*)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email:     Brett@iLawco.com
               Roberto@iLawco.com

*Attorneys for Iaroslav Baklan*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iaroslav Baklan,<br><br>         Plaintiff,<br><br>vs.<br><br>All Answers LTD,<br><br>         Defendant. | No. 2:20-cv-00707-JZB<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on July 29, 2020, I electronically filed the foregoing Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Count Three with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Scott E Brenner:** sbrenner@thowardlaw.com

**Thomas P Howard:** thoward@thowardlaw.com

/s/ Brett E. Lewis
Brett E. Lewis

ii