**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iaroslav Baklan,<br><br>　　　　Plaintiff,<br><br>v.<br><br>All Answers Limited,<br><br>　　　　Defendant. | No. CV-20-00707-PHX-JZB<br><br>**ORDER** |

　　　　Pending before the Court is Defendant All Answers Limited's Motion to Dismiss Count Three of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 15.) The Court will grant Defendant's motion.

**I.　　Background.**

　　　　On April 4, 2020, Plaintiff Iaroslav Baklan filed this action alleging that Defendant "engaged in Reverse Domain Name Hijacking under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114(2)(D) (ii) and (iv)." (Doc. 1 at 1.)

> On September 17, 2015, Defendant AAL applied for a trademark registration in the United Kingdom for the mark UKESSAYS, in connection with: 'Educational consultancy services; Educational information services; Information services related to education; Library services related to documents stored and retrieved by electronic means.' The mark registered on April 3, 2016.

(*Id.* at 4.)

　　　　"On October 16, 2019, Defendant . . . applied for a trademark registration in the United Kingdom for the mark UKESSAY, in connection with: 'Advisory services relating

to education; Editing of written text; Educating at universities or colleges; Education and training services; Education services.' The mark registered on January 10, 2020." (*Id*.) Plaintiff argues that Defendant's UK mark is invalid because Defendant has not used the mark for the purposes stated in the 2016 and 2020 applications. (*Id*. at 6.)

Plaintiff purchased <UKEssay.com>, the disputed domain name, in 2017 to support his online writing service for university students in the United Kingdom. (*Id*. at 3). The disputed domain name was registered by a third party in 2005. (*Id*. at 4). On April 9, 2020, Defendant brought a Uniform Domain Name Resolution Policy ("UDRP") proceeding against Plaintiff through the World Intellectual Property Organization ("WIPO").[1] (*Id*. at 2.) On March 25, 2020, WIPO "issued a decision directing [Godaddy.com Ltd., the domain name host, to initiate] the transfer of the disputed domain name to Defendant." (*Id*. at 6.)

On April 9, 2020, Plaintiff brought this action to prevent the transfer of the domain. (*Id*. at 16.) Therein, Plaintiff pleads three counts: (1) Declaration Under Anticybersquatting Consumer Protection Act, wherein Plaintiff claims that he has not violated Defendant's rights under the ACPA; (2) Declaratory Judgment, wherein Plaintiff requests that the Court declare that Plaintiff's registration and use of the disputed domain is not unlawful under the ACPA; and (3) Reverse Domain Name Hijacking, wherein Plaintiff claims that Defendant, in bad faith, used the UDRP proceeding to attempt to deprive him of the disputed domain. (Doc. 1.)

On July 15, 2020, Defendant filed a Motion to Dismiss Count Three of Plaintiff's Complaint for failure to state a claim. Defendant argues that (1) "Plaintiff fails to allege the disputed domain name was 'suspended, disabled, or transferred" under the ACPA and (2) that "Plaintiff fails to allege facts to support the 'knowing and material misrepresentation' element of a reverse domain name hijacking claim." (Doc. 15 at 5.) The Motion was fully briefed. (*See* docs. 20 and 23.)

---

[1] WIPO is a United Nations Agency that provides various intellectual property services. World Intellectual Property Organization, https://www.wipo.int/portal/en/. WIPO operates the Madrid International Trademark Registration System and offers forums for alternative dispute resolution, including domain name dispute resolution. *Id.* Domain name disputes are resolved under the UDRP. *Id.*

**II.     Legal Standard.**

A successful 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss provided it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In ruling on a 12(b)(6) motion, the Court takes the plaintiff's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to a presumption of truth and are not sufficient to defeat a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. A complaint does not need to have detailed factual allegations, but it must have more than a "the-defendant-unlawfully-harmed-me accusation." *Id*.

**III.    Analysis.**

To state a claim for reverse domain name hijacking, a plaintiff must show that the disputed domain name was "suspended, disabled, or transferred" by a domain registrar because of a knowing and material misrepresentation by defendant. 15 U.S.C. §1114(2)(D)(iv). In its Motion, Defendant argues Count Three should be dismissed for two reasons: (1) Plaintiff "fails to allege the disputed domain name was 'suspended, disabled, or transferred,'" and thus Plaintiff's claim is not ripe for review; and (2) Plaintiff "fails to allege facts to support the 'knowing and material misrepresentation' element of a reverse domain name hijacking claim." (Doc. 15 at 4–5.) The Court will address each argument below.

### a. Premature.

Defendant argues that the Court should dismiss Count Three of Plaintiff's Complaint because the claim is premature. (Doc. 15 at 4). Specifically, Defendant argues that "[t]he Complaint does not allege that the <UKEssay.com> domain name was suspended, disabled, or transferred." *Id.* The Court disagrees.

A reverse domain name hijacking claim requires the disputed domain name to be "suspended, disabled, or transferred" at the time of filing. 15 U.S.C. § 1114(2)(D)(v). Language within the statute indicates an intent to include pending, but inevitable transfers. 15 U.S.C. § 1114 ("(ii) An action referred to under clause (i)(I) is any action . . . transferring . . . a domain name," referenced by 1114(2)(D)(v).). While the Ninth Circuit has yet to address the question of Defendant's interpretation of the statute, other circuits consistently find that "§ 1114(2)(D)(ii)(II), the statutory provision referenced in § 1114(2)(D)(v), covers situations where a transfer by [the registrar] is inevitable unless a court action is filed." *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 25 n. 11 (1st Cir. 2001); *see also Barcelona.com, Incorporated v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir. 2003) ("Bcom, Inc. is a domain name registrant, and its domain name was suspended, disabled, or transferred . . . . Although the domain name had not actually been transferred . . .as of the time that Bcom, Inc. commenced this action, the . . . transfer was certain to occur absent the filing of this action to stop it."). Therefore, a reverse domain name hijacking claim requires an inevitable or completed transfer of the disputed domain before a plaintiff may state a claim.

Here, Plaintiff's claim in Count Three is not premature under the ACPA because the filing of this action prevented the imminent transfer of the rights to <UKEssay.com> to Defendant. (Doc. 1 at 6). There is no dispute that Godaddy.com has been ordered to transfer the disputed domain name and paused the transfer process pending resolution of this action. (*See* doc. 23 at 5.) Under the ACPA, then, the domain name has "been transferred" because the process of transferring has begun. *Sallen*, 273 F.3d at 25 n. 11. Accordingly, Plaintiff's claim in Count Three is not premature.

### b. Misrepresentation.

Defendants next argue that the Court should dismiss Count Three of Plaintiff's Complaint because "[t]he Complaint fails to allege facts to support the 'knowing and material misrepresentation' element of a reverse domain hijacking claim." (Doc. 15 at 5.) The Court agrees.

To support an inference that WIPO ordered the disputed domain name's transfer because of the Defendant's knowing and material misrepresentation, Plaintiff must allege facts (1) that establish that Defendant made a knowing and material representation to the WIPO panel and (2) that support the inference that the WIPO panelist made its ruling based on Defendant's knowing and material misrepresentations. 15 U.S.C. 1114(2)(D)(iv). Neither burden is met.

Here, Plaintiff does not plead facts which, when accepted as true, support a reasonable inference that Defendant knowingly described the mark inaccurately or manipulatively to WIPO. Plaintiff argues that "Defendant knowingly provided the UDRP panel with incomplete and misleading information" by presenting an invalid trademark. (Doc. 1 at 14.) The validity of the mark, however, is irrelevant; the unlawful action described by 15 U.S.C. §1114(2)(D)(iv) is making a knowing and material misrepresentation of a trademark notwithstanding the mark's validity or lack thereof.[2]

Plaintiff does not show that Defendant knowingly misstated information about the trademark during the UDRP proceedings, nor does Plaintiff provide facts in the Complaint showing what information Defendant provided to the UDRP panel. (Doc. 1 at 3-10.) Instead, Plaintiff merely raises the possibility that Defendant misrepresented the mark as valid to the UDRP panel. (*See id.*) This contention is insufficient to meet the requirements set forth in *Iqbal*. 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). (*See* doc. 1). Therefore, Plaintiff fails to show that Defendant made a

---

[2] The Court notes that validity of Defendant's trademark is at issue in Count One of Plaintiff's complaint and that Defendant has agreed that Plaintiff stated a claim in Count One. Since Plaintiff has alternate routes to relief based on validity disputes, the Court will focus on the narrow issue presented by 15 U.S.C. §1114(2)(D)(iv).

knowing and material misrepresentation to the URDP panel sufficient to sustain his claim.

Even if this Court found a knowing and material misrepresentation by Defendant, Plaintiff fails to show that WIPO took action on the basis of that material misrepresentation. *Cf. Strong College Students Moving Incorporated v. College Hunks Hauling Junk Franchising LLC*, 2015 WL 12602438, at *12 (D.Ariz., 2015) (finding that plaintiffs disputing the validity of a trademark based on fraud must prove that the agency adjudicating the issue was materially affected by defendant's misrepresentation when the agency determined the mark's validity.). Specifically, Plaintiff does not allege any facts related to WIPO's decision-making process, much less facts that support a conclusion that WIPO ordered the transfer of <UKEssays.com> based on a knowing material misrepresentation by Defendant. (*See* doc. 1.)

Although Plaintiff provides many reasons why the WIPO panel may have made a poor decision, (*see* doc. 1 at 6), Plaintiff's burden in pleading a reverse domain name hijacking claim is to establish that WIPO's poor decision was made based on Defendant's knowing and material misrepresentation. 15 U.S.C. §1114(2)(D)(iv). Since Plaintiff has not alleged facts sufficient to support that Defendant made a knowing and material misrepresentation to WIPO, or that WIPO made its decision based on a knowing and material misrepresentation by Defendant, Plaintiff has not stated a claim on which relief can be granted.[3]

//
//
//
//

---

[3] To the extent that Plaintiff argues that the Court should deny Defendant's Motion to Dismiss because Defendant failed to comply with LRCiv 12.1(c), the Court disagrees. To comply with LRCiv 12.1(c), the moving party must "include a certification that, before filing, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable . . . by a permissible amendment . . . ." LRCiv 12.1(c). Here, Defendant complied with LRCiv 12.1(c) by notifying Plaintiff's counsel of the basis for the motion via email and discussing it via phone. (Doc. 23 at 6). Defendant also included a certification in the Motion to Dismiss. (Doc. 15 at 1). Therefore, Defendant complied with the requirements of LRCiv 12.1(c).

1  **IT IS ORDERED** that Defendant All Answers Limited's Motion to Dismiss Count
2  Three of Plaintiff's Complaint (doc. 15) is **granted**.
3  Dated this 14th day of October, 2020.

                                                                          _____
                                                                          Honorable John Z. Boyle
                                                                          United States Magistrate Judge